UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-CV-61527-AUGUSTIN-BIRCH

JARRED HYDE,

    Plaintiff,

v.

CITY OF HOLLYWOOD, FLORIDA, *et al.*,

    Defendant.

_____/

## REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT

This cause comes before the Court on Plaintiff Jarred Hyde's Complaint and Motions for Leave to Proceed *In Forma Pauperis*. DE 1; DE 3; DE 6. The Court held a hearing on Plaintiff's Motions for Leave to Proceed *In Forma Pauperis* and determined that Plaintiff qualifies to proceed *in forma pauperis*. But, after screening Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2), the Court concludes that Plaintiff's Complaint fails to state a claim upon which relief can be granted. Accordingly, for the following reasons, the Court **RECOMMENDS DISMISSING WITH PREJUDICE** Plaintiff's Complaint [DE 1] and **DENYING** Plaintiff's Motions for Leave to Proceed *In Forma Pauperis* [DE 3; DE 6].

### I. Background

According to Plaintiff, the Hollywood Police Department ("HPD") operates a public Facebook page under the direction of Chief of Police Jeff Devlin and Public Information Manager Deanna Bettineschi. DE 1 ¶¶ 2, 10. However, HPD disabled the comment function for its posts, which Plaintiff claims has prevented him from being able to "express criticism and concerns regarding the department's misconduct and constitutional violations." *Id.* ¶¶ 11–12. As such,

Plaintiff brings suit under 42 U.S.C. § 1983 against Defendants the City of Hollywood, Florida, Jeff Devlin, and Deanna Bettineschi, alleging that Defendants have violated his First Amendment rights. DE 1.

## II. Analysis

Plaintiff's First Amendment claims are based on his position that HPD's Facebook posts constitute a public forum and that Defendants have engaged in prohibited "viewpoint" discrimination by disabling the ability to comment on those posts. *See id.* ¶ 11 ("[HPD] . . . operates a verified public Facebook page that functions as a designated public forum . . . ."); *id.* ¶ 19 ("Defendants unlawfully restricted Plaintiff's speech based on viewpoint, in violation of the Free Speech Clause of the First Amendment."). As an initial matter, the Court is not aware of any caselaw addressing whether a government-run social media account that has disabled the comment function for all members of the public, like the one at issue here, constitutes a public forum. Generally, when circuit courts have examined the type of forum created by government-run social media accounts, the accounts under review have permitted some degree of commenting from the public. *See Taylor v. Palmer*, No. 21-14070, 2023 WL 4399992, at *3 (11th Cir. July 7, 2023) ("On one view, a government page that allows members of the public to post comments is a limited public forum."); *Knight First Amend. Inst. at Columbia Univ. v. Trump*, 928 F.3d 226, 237 (2d Cir. 2019) (explaining that when President Trump "used [his] Account as an official vehicle for governance *and* made its interactive features accessible to the public without limitation," President Trump "created a public forum" (emphasis added)), *cert. granted*, *judgment vacated sub nom. Biden v. Knight First Amend. Inst. at Columbia Univ.*, 141 S. Ct. 1220 (2021), and *abrogated on other grounds by Lindke v. Freed*, 601 U.S. 187 (2024); *People for the Ethical Treatment of Animals v. Tabak*, 109 F.4th 627, 634 (D.C. Cir. 2024) ("In the social media context, courts have

also found that the comment threads of government social media pages are designated public forums when the pages are open for comment without restrictions and limited public forums when the government prospectively sets restrictions."); *Davison v. Randall*, 912 F.3d 666, 682 (4th Cir. 2019) (finding that a county board of supervisors' Facebook page bore the "hallmarks of a public forum" because the comments section was intentionally opened for public discourse, permitting any member of the public to comment about any topic).

Nonetheless, viewpoint discrimination is prohibited in both public and non-public fora. *See Barrett v. Walker Cnty. Sch. Dist.*, 872 F.3d 1209, 1226 n.11 (11th Cir. 2017) ("[It] is also true that, although limited public fora are more tolerant of content-based discrimination, limited public fora are no less inhospitable to viewpoint-based discrimination than any other type of forum is, and viewpoint discrimination is but an egregious form of content discrimination." (quotation marks omitted)); *Cook v. Gwinnett Cnty. Sch. Dist.*, 414 F.3d 1313, 1321 (11th Cir. 2005) ("[E]ven in a non-public forum, the law is clearly established that the state cannot engage in viewpoint discrimination—that is, the government cannot discriminate in access to the forum on the basis of the government's opposition to the speaker's viewpoint."). As such, the Court need not determine what type of forum HPD's Facebook posts constitute to evaluate Plaintiff's viewpoint discrimination claims.

Turning now to those claims, viewpoint discrimination occurs when the government "regulates speech based upon agreement or disagreement with the particular position the speaker wishes to express." *Cambridge Christian Sch., Inc. v. Fla. High Sch. Athletic Ass'n*, 942 F.3d 1215, 1241 (11th Cir. 2019) (quotation marks omitted). "In the context of social media, courts have found viewpoint discrimination where government officials deleted comments or blocked individuals from their social media pages to prevent them from expressing negative opinions or contrary

3

views." *Biedermann v. Ehrhart*, No. 1:20-CV-01388-JPB, 2023 WL 2394557, at *8 (N.D. Ga. Mar. 7, 2023) (collecting cases); *see also Attwood v. Clemons*, 818 F. App'x 863, 867 (11th Cir. 2020) (noting that the social media account of a government representative may be a public forum under the First Amendment, which would prohibit that representative from excluding members of the public based on their views).

Here, Plaintiff's comments were not deleted, and he was not blocked from HPD's Facebook page or posts. Rather, HPD did not allow any member of the public, not just Plaintiff, to comment on its posts. *See* DE 1 ¶ 12 ("Plaintiff discovered that [HPD] disabled the comment function on multiple posts . . . ."). In so doing, Defendants have not permitted or prohibited speech based on an agreement or disagreement with any particular viewpoint. Consequently, Defendants have not engaged in viewpoint discrimination. *See Miller v. Goggin*, 672 F. Supp. 3d 14, 44–45 (E.D. Penn. 2023) (ruling that a "categorical prohibition of comments on all [school] district social media accounts does not prohibit comments based on viewpoint" because the prohibition "does not ban comments or authorize the blocking or deletion of comments based on the opinions contained therein"). Accordingly, the Court concludes that Plaintiff's Complaint fails to state a claim upon which relief can be granted. The Court further determines that Plaintiff could not state a claim with a more carefully drafted complaint and that any opportunity to amend would thus be futile. *See Toussaint v. U.S. Att'y Off.*, No. 24-10116, 2025 WL 2237376, at *5 (11th Cir. Aug. 6, 2025) ("Typically, a *pro se* plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice—at least, that is, where a more carefully drafted complaint might state a claim. But that extra dose of grace is *not* warranted if the amendment would be futile." (citation and quotation marks omitted)).

### III. Recommendation

For the foregoing reasons, the Court **RECOMMENDS DISMISSING WITH PREJUDICE** Plaintiff's Complaint [DE 1] and **DENYING** Plaintiff's Motions for Leave to Proceed *In Forma Pauperis* [DE 3; DE 6].

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2014).

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 15th day of October, 2025.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE